

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. O-6911
Re: County Attorney is author-
ized to receive and retain
commission on collections
made on behalf of the County
under paragraph 3 of Art.
6716, V. A. C. S., and he
should pay balance of such
collections into County
Treasury; sheriff not
entitled to commission on
said collections; and where
settlement made out of court,
the court records would not
show the amount collected.

We have received your recent communication in which you request an opinion from this Department on certain questions, stated substantially as follows:

1. Is County Attorney of Waller County authorized by law to retain 10% of amount collected by settlement made after the filing of but before the trial of suits on behalf of Waller County for damages to roads and bridges in said county?

2. If said County Attorney is so authorized, should he withhold his commission or pay same to county together with rest of money collected and receive his commission back?

3. If the County Attorney should retain or be paid 10% of the amount so collected, then should the sheriff collect or be paid 5% of the amount, as

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. P. Herms, Jr., page 2

in criminal cases?

4.  Should the Civil Docket show the entire amount collected, including the commission of the County Attorney, or in case he is allowed to retain or withhold his commission, should it just show the actual sum paid into court?

Waller County is operating on a fee basis in regard to the compensation of its county and precinct officers.

Paragraph 3 of Article 6716, Vernon's Annotated Civil Statutes, provides:

"The owners, operators, drivers or movers of any vehicle, object or contrivance over a public highway or bridge shall be jointly and severally responsible for all damages which said highway or bridge may sustain as the result of negligent driving, operating or moving of such vehicle, or as a result of operating same at a time forbidden by said road officials. The amount of such damages may be recovered in any action at law by the county judge for the use of the county, and such recovery shall go to the benefit of the damaged road. The county attorney shall represent the county in such suit."

Article 335, Vernon's Annotated Civil Statutes, provides:

"Whenever a district or county attorney has collected money for the State or for any county, he shall within thirty days after receiving the same, pay it into the treasury of the State or of the county in which it belongs, after deducting therefrom and retaining the commissions allowed him thereon by law. Such district or county attorney shall be entitled to ten per cent commissions on the first thousand dollars collected by him in any one case for the State or county from any individual or company, and five per cent on all sums over one thousand dollars, to be retained out of the money when collected, and he shall also be entitled

Honorable W. P. Herms, Jr., page 3

to retain the same commissions on all collec-
tions made for the State or for any county, This
article shall also apply to money realized for
the State under the escheat law."

It being the express duty of the County Attorney by
authority of said Art. 6716, Par. 3, supra, to represent the
county in suits of this nature, we see no reason why he
should not be entitled to his commissions as provided in
said Art. 335, supra. This is true whether the money is
collected by settlement of the cases or by judgment taken
therein, as said statute does not specify the means of col-
lection. The foregoing answers your first question in the
affirmative. We herewith enclose a copy of our Opinion
No. O-5306 in support of this answer.

Art. 335, supra, specifically provides that such County
Attorney, after receiving such money, shall "pay it into the
treasury of the State or of the county in which it belongs,
after deducting therefrom and retaining the commissions al-
lowed him thereon by law." (underscoring added.) We believe
the underscored portions of said Article, as next above shown,
clearly authorize the county attorney to withhold his com-
missions. This answers your second question.

Art. 335, supra, does not provide any commission for
the Sheriff in civil suits of this nature. Therefore, the
only compensation to which he would be entitled in the suits
in question, would be his statutory fee for serving process,
etc., which would be collected as court costs.

As we understand the fact situation submitted by you,
these cases in question were dismissed without trial on the
agreement of defendants to pay damages in sums certain, as
the civil docket of the court shows. This being so, the
court records would not show any amount collected, other than
court costs shown by the fee book of said court. As the
cases were dismissed and settled out of court, the county
attorney is authorized to receive the amount of settlement,

Honorable W. P. Herms, Jr., page 4

and, after deducting therefrom his commissions allowed by law, pay the balance into the county treasury.

We trust that the foregoing fully answers your questions.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Robert L. Lattimore, Jr.
Assistant

RLL:LJ
encl.

